**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Criminal Action No. 12-cr-00321-MSK**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**NUC NGUYEN,**

      **Defendant.**

___

**OPINION AND ORDER DENYING MOTION FOR NEW TRIAL**
___

**THIS MATTER** comes before the Court pursuant to Ms. Nguyen's Motion for New Trial **(# 53)**, and the Government's response **(# 55)**.

The Court will assume the reader's familiarity with the factual and procedural history of this case. Greatly summarized, Ms. Nguyen was charged with one count of Theft of Mail Matter by an Officer or Employee of the Postal Service, in violation of 18 U.S.C. § 1709. The charges arose from an incident in December 2011, when Ms. Nguyen, a Postal Service employee, when working as a "Nixie Clerk," was responsible for handling damaged items of mail. A letter sent from Andrea Adams to Chloe and Zak Kaszubowski that had been damaged in transit and was processed by Ms. Nguyen. When the Kaszubowskis ultimately received the letter, two Target gift cards that had been included by Ms. Adams were missing. A few days later, checkout cameras at a Target store recorded Ms. Nguyen's children using the two gift cards whose serial number matched those that had been purchased by Ms. Adams. An investigator with the Postal Service questioned Ms. Nguyen about the matter. Ms. Nguyen denied having taken the cards

and initially insisted that Target had made a mistake. After being confronted with surveillance footage from Target, Ms. Nguyen stated that perhaps she had made a mistake, confusing the gift cards from Ms. Adams' letter with Target gift cards that Ms. Nguyen had purchased and kept in her possession while at work.

The charge against Ms. Nguyen proceeded to a jury trial in January 2013, and Ms. Nguyen was convicted. She now moves **(# 53)** for a new trial, raising four arguments: (i) that the Court erred in denying her pre-trial motion to suppress **(# 22)** her statements to Postal Service investigators, on the ground that the interrogation violated the principles of *Garrity v. New Jersey*, 385 U.S. 493 (1967); (ii) that there was insufficient evidence to support several of the elements of the offense; (iii) that the Court erred in prohibiting Ms. Nguyen's counsel from arguing a defense of mistake in his closing argument; and (iv) the Court erred in refusing Ms. Nguyen's request that the jury be given a lesser included offense instruction, permitting the jury to instead convict Ms. Nguyen of Misappropriation of Postal Funds under 18 U.S.C. § 1711.

## ANALYSIS

### A. Standard of review

A motion for a new trial under Fed. R. Crim. P. 33 permits a Court to vacate a conviction and grant a new trial "if the interest of justice so requires." Such a motion is confined to the Court's discretion, and although the Court is free to re-weigh the evidence in resolving it, it should do so only with great caution, as motions for new trial are "regarded with disfavor." *U.S. v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999).

### B. *Garrity* issue

Ms. Nguyen argues that the Court should have suppressed her statements to Postal Service investigators on the grounds that she was not provided with a proper *Garrity* advisement.

*Garrity* addresses the rights of public employees who are questioned about workplace conduct that could give rise to criminal liability. It provides that if the employee elects to invoke her Fifth Amendment rights not to answer questions, the public employer may advise the employee that the employee is now being directed, in her role as employee, to answer the questions or to face the possibility of workplace discipline.  To adequately balance the employee's Fifth Amendment rights with the public employer's need for information about the employee's workplace conduct, *Garrity* provides that the employee's answers to such questions are subject to use immunity in any future criminal proceeding against the employee.  385 U.S. at 500.

The Court conducted an evidentiary hearing on Ms. Nguyen's motion to suppress her statements to Postal Service investigators, and made specific factual and legal findings, orally. Initially, the Court noted that the advisement investigators gave to Ms. Nguyen of her rights under *Garrity* was somewhat unorthodox because it did not provide the *Garrity* advisement and was styled as a waiver of the employee's right.  Ultimately, however, regardless of the sufficiency of the advisement, the Court found that the necessary elements for immunization of statements under *Garrity* were not present.

The Court explained that immunity under *Garrity* results when an employee shows: (i) that she had a subjective belief that her employer was compelling her to answer questions under the threat of an adverse employment action; and (ii) that this subjective belief was objectively reasonable.  *U.S. v. Frederick*, 842 F.2d 382, 399 (D.C. Cir. 1988).  The Court found that Ms. Nguyen had a subjective belief that her employment would be jeopardized if she refused to answer investigators' questions, but the Court also found this belief was not objectively reasonable, insofar as no one involved with the Postal Service ever made such a threat. The record established that the only person who advised Ms. Nguyen that refusing to answer

questions might jeopardize her job was her union steward, appearing at the investigation as Ms. Nguyen's representative, not the Postal Service's representative. In addition, Ms. Nguyen was free to and did discontinue the interview as she chose. Accordingly, the Court found that Ms. Nguyen's statements were not entitled to immunity under *Garrity*.

In the instant motion, Ms. Nguyen appears to raise two arguments as to why the Court's conclusion that there was no objectively-reasonable basis for her belief that her job was threatened if she refused to answer questions was improper. First, she argues that the written *Garrity* advisement she was given "seems to imply that [she] <u>could</u> be disciplined if she remained silent." The language of the written advisement she was given reads "If I refuse to answer questions because my answers might result in criminal charges being brought against me, I will not be disciplined solely for remaining silent." The Court noted that this language was "very confus[ing]" to the extent it is proffered as a *Garrity* advisement; indeed, it seems to serve the opposite purpose of *Garrity*, advising an employee that she "will not be disciplined for remaining silent," rather than advising the employee that she <u>will</u> be disciplined if she does not provide information. (Furthermore, styled as a waiver, it states that the information given in response to questions can be used in subsequent criminal proceedings – the opposite of what *Garrity* anticipates.) The Court disagrees with Ms. Nguyen that the written advisement is susceptible to an interpretation that would lead a reasonable person (even one with limited proficiency in English, as Ms. Nguyen claims) to conclude that her answers to questions were compelled by a threat to her employment status.

The written advisement explicitly advises that the employee "will not be disciplined" if she remains silent. Although the statement is phrased conditionally – "If I refuse to answer questions. . ." – there is no clear negative pregnant. Ms. Nguyen's argument that the language

permits a conclusion that "she could be disciplined if she remained silent" appears to be that a reasonable person would understand the advisement's language to suggest that if the conditional is not satisfied – that the employee's reasons for refusing to answer the questions is something other than a fear of criminal prosecution – then the protection against workplace discipline for remaining silent is lost. This is a lawyer's parsing of the advisement's language, not the understanding that a reasonable layperson (particularly a layperson with limited proficiency in English) would take from it. A reasonable person would simply understand the language as indicating that the invocation of an employee's rights against self-incrimination guaranteed by the Fifth Amendment to the Constitution also protected the employee against disciplinary action at work. This is not a correct statement of *Garrity*'s holding. More importantly, it is not a clear statement that a reasonable employee would understand to be a directive to answer the employer's questions upon penalty of workplace discipline.

Ms. Nguyen's second argument appears to be that because she was suspended following the interview with Postal Service investigators, it was objectively reasonable for her to have believed during the investigation that her refusal to answer questions might result in discipline. This purely *post-hoc* argument is unpersuasive in demonstrating what Ms. Nguyen (or a reasonable person in her circumstances) would have understood during the interview with investigators, particularly where it is undisputed that the investigators never threatened Ms. Nguyen with suspension or other sanctions at any point during the interview itself.

Accordingly, the Court denies Ms. Nguyen's motion with regard to the *Garrity* issue.

### C. Sufficiency of the evidence

Ms. Nguyen appears to argue that there was insufficient evidence to support several of the elements of her conviction, including the requirement that she acted knowingly, that she

"embezzled" the gift cards, and that the cards were "intended to be conveyed by mail." Beyond simply stating the elements, Ms. Nguyen does not provide any meaningful argument as to why the evidence adduced at trial was somehow insufficient to establish these elements, nor otherwise elaborate on the arguments. In the absence of any meaningful explanation of the grounds for her argument on this point, the Court declines to consider it. In any event, the Court is satisfied that there was sufficient evidence presented at trial, when taken in the light most favorable to the Government, *U.S. v. Farr*, 701 F.3d 1264, 1285 (10th Cir. 2012), to establish all of the elements of the offense.

### D. Limitation on closing argument

During the Government's case-in-chief, the Government sought to offer evidence that Ms. Nguyen also took gift cards that were secretly placed in the mail stream by investigators as part of a sting operation. Ms. Nguyen's counsel objected to the offer of such evidence, arguing that it should be excluded under Fed. R. Evid. 404(b). The Government argued that the evidence was appropriate to rebut an anticipated defense by Ms. Nguyen that she had mistaken Ms. Adams' gift cards for gift cards that Ms. Nguyen had purchased for herself, and that proof that Ms. Nguyen had taken other gift cards as well was probative under Rule 404(b)(2) to establish "absence of mistake." The Court deferred the issue until Ms. Nguyen rested and the Government renewed its request to put on the evidence in rebuttal. At that time, the Court inquired of Ms. Nguyen's counsel whether Ms. Nguyen would be putting on a defense of mistake, and the following exchange occurred:

> THE COURT: Is the defense theory gong to be that there was a mistake here?
>
> MR. FOSTER: We're not submitting a mistake instruction, Your Honor.

> THE COURT: That wasn't what I asked. Are you going to be arguing in closing that there was a mistake here?
>
> . . .
>
> MR. FOSTER: Your Honor, we're going to argue that based on the definition of knowingly, and their obligation to prove the knowingly beyond a reasonable doubt, that they have not proven their case. . .
>
> THE COURT: I understand that you are being oblique at this point to reserve to the time of your closing that argument which you intend to make then. But this is a very fine line. You have tendered an instruction to the Court to suggest that there is a defense theory here of mistake. . .

This colloquy continued for some time, with the Court attempting to ascertain whether Ms. Nguyen intended to argue at closing a theory that she mistook Ms. Adams' cards for her own (in which case, the Court had previously advised, it would permit the Government's evidence of additional instances of Ms. Nguyen taking gift cards out of the mail stream), and with Ms. Nguyen's counsel carefully avoiding directly answering the question, presumably in an attempt to keep the evidence excluded without compromising Ms. Nguyen's ability to argue a defense of mistake in closing. Ultimately, the Court ruled on the Government's request as follows:

> THE COURT: . . . the defense has now completed its presentation, and although it – the defense initially suggested in one of its proffered instructions that the defendant might well argue that she confused these particular cards that are the subject of this charge with other cards that she had received from other sources, there has been no evidence presented by the defense as to that contention.[1]  And as a consequence, the defense cannot argue

---

[1] The Court's statement is factually correct: Ms. Nguyen did not testify, nor did the defense put on any evidence from which the jury could conclude that Ms. Nguyen mistook Ms. Adams' cards for cards that Ms. Nguyen rightfully owned. However, there was a single item of evidence, introduced during the Government's case-in-chief, from which an argument of mistake might find the smallest toehold. In testifying about Ms. Nguyen's statements during her interview with Postal Service investigators, Jeffrey Williams testified that Ms. Nguyen stated "that perhaps she had made a mistake in terms of possibly mixing a gift card that belonged to her with gift cards that are held in the drawer where the loose and the mail items are kept."

>that, because there is no defense of mistake that is being proffered by the defense, there is no justification for presenting the evidence to rebut mistake or to establish absence of mistake. Therefore, I find that the evidence that the Government seeks to proffer at this time does not fall within the provisions of Rule 404(b). And is therefore excluded. Any need for clarification or further explanation?
>
>. . .
>
>MR. FOSTER: Not on the ruling, Your Honor.

The Court then took a recess, and when it returned, it stated to defense counsel that "I want to make sure that I have accurately understood and there is a clear representation by the defense here. My ruling is predicated upon an understanding that the defense will not argue in any way, shape, or form that the defendant was mistaken in using the cards . . . believing those cards to be her personal property. Is that correct?" Defense counsel continued to attempt to evade a direct answer to the question, and extensive additional colloquy on the matter continued. The issue ended with the following exchange:

>THE COURT: . . . I have repeatedly asked you what you're going to do, and the reason is this: Because you have argued that the 404(b) evidence is not admissible because mistake is not an issue. And so I am relying on your representation that mistake is not an issue for purposes of ruling as to the admissibility of the 404(b) evidence. Now, if you're going to be arguing that mistake is an issue, that changes my ruling with regard to the 404(b) evidence.
>
>MR LOZOW: And we've answered – I've answered the question as honestly and ethically as I can. We have no plan to make that argument. Now I can't portend Mr. Allison's [the Prosecutor] work here, so you know, I'm assuming, again the Court will be balanced when it hears the argument. We always have the opportunity, seems to me, to respond to an opening argument. So you know – and I don't know what that argument will be. So let's assume, if you're talking hypotheticals, that Mr. Allison gets up and says, in no uncertain terms, you didn't hear evidence about a mistake or raises the issue and puts the flag up there a number of different ways – I know he won't in that setting, but I'm just saying, we're going to listen to the Court's ruling. We understand

> it. We were careful to be concerned about it. We were concerned about it, and we'll abide by the Court's ruling. We're not going to argue anything the Court is admonishing use about concerning this mistake issue. We won't do it.
>
> THE COURT: All right. I'll understand your representation to be that, that you won't be arguing about the mistake.

The parties then proceeded to present their closing arguments. Ms. Nguyen's counsel neither argued that Ms. Nguyen mistook Ms. Adams' cards for her own, nor indicated, before, during, or after the defense closing argument, that Ms. Nguyen would have presented a different argument that, she believed, would have been permitted under the evidence but was improperly excluded by the Court's ruling.

Ms. Nguyen now argues that "the Court implied that defense counsel should refrain from arguing the defense of 'mistake' during closing argument, or suffer the admission of alleged 404(b) evidence," and that this "put the defense in the unbearable position of shirking its responsibility to be a zealous advocate."

The Court rejects this argument; it "implied" no instructions nor prohibited any argument by the defense. The Court, in ruling on a simple evidentiary question, sought to ascertain whether the defense would be raising a particular argument, as the presence or absence of such an argument would dictate the current admissibility of certain evidence. Rather than being forthright with the Court about the defense's intentions, defense counsel sought to proverbially "eat his cake and have it too," carefully choosing his words to prevent presentation of rebuttal evidence pertinent to whether there was a mistake out by disclaiming any intent to present a defense of mistake, but preserving the opportunity to argue such a defense in closing argument. Because the Court is obligated to state the basis of its reasoning for the record when ruling on objections, the Court did its best to parse defense counsel's statements and stated its

understanding of the defense position in ruling on the Government's evidence (a ruling that favored the defense).

The Government's response to Ms. Nguyen's instant motion correctly points out that the Court never instructed defense counsel that it could not make certain arguments in his closing, that the Government never objected during the defense closing, and that the Court never interrupted Ms. Nguyen's closing argument. Ms. Nguyen's counsel did not lodge a contemporaneous objection prior to, during, or immediately after delivering her closing argument. Under the circumstances, where there was no actual "order" by the Court directed at Ms. Nguyen's closing argument and no contemporaneous objection to it, much less an articulation of what Ms. Nguyen would have presented in her closing argument if "permitted," the Court finds no error warranting a new trial. In short, Ms. Nguyen's current complaint amounts to nothing more than dissatisfaction with her counsel's decision to forego arguing a mistake theory in order to exclude the Government's Rule 404(b) evidence. A new trial is not the appropriate remedy for such second-guessing.

### E. Lesser included offense

Finally, Ms. Nguyen argues that the Court should have granted her request that the jury be instructed on the availability of a lesser included offense to the charge of Theft of Mail. She contends that all of the elements of the crime of Misappropriation of Postal Funds, 18 U.S.C. § 1711, are found within the crime of Theft of Mail.

Fed. R. Crim. P. 31(c)(1) provides that "a defendant may be found guilty of . . . an offense necessarily included in the offense charged." A lesser offense is "necessarily included" within a greater offense if "the elements of the lesser offense are a subset of the elements of the charged offense." *Schmuck v. U.S.*, 489 U.S. 705, 716 (1989). In other words, if the lesser

offense has an element not required for the greater offense, it is not a lesser included offense. *Id.* A defendant is entitled to a lesser included offense instruction "if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. U.S.*, 412 U.S. 205, 208 (1973); *U.S. v. Mullins*, 613 F.3d 1273, 1284 (10th Cir. 2010).

The crime of Misappropriation of Postal Funds, 18 U.S.C. § 1711 provides that

> Whoever, being a Postal Service officer or employee, loans, uses, pledges, hypothecates, or converts to his own use, or deposits in any bank, or exchanges for other funds or property, except as authorized by law, any money or property coming into his hands or under his control in any manner, in the execution or under color of his office, employment, or service, whether or not the same shall be the money or property of the United States [is guilty of a crime].

In other words, the elements of an offense Misappropriation of Postal Funds are: (i) the defendant is a Postal Service officer or employee; (ii) the defendant "uses" or "converts to his own use" (or performs a similar act) money or property; (iii) that money or property "c[ame] into his hands" in the execution of his employment; and (iv) such use or conversion of the property was not otherwise authorized by law.

The crime of Theft of Mail is set forth in 18 U.S.C. § 1709, which provides:

> Whoever, being a Postal Service officer or employee, embezzles any letter, postal card, package, bag, or mail, or any article or thing contained therein entrusted to him or which comes into his possession intended to be conveyed by mail [is guilty of a crime].

Thus, the elements of the crime of theft of mail are: (i) the defendant is a Postal Service officer or employee; (ii) the defendant "embezzle[d]" a thing; and (iii) the thing was "entrusted to him" or came into his possession; and (iv) the thing in question was "mail," or a "thing intended to be conveyed by mail."

There may be arguable differences in the elements of the two offenses, but the Court need not consider that issue in detail. Even assuming that the elements of Misappropriation of Postal

Funds are entirely subsumed within the crime of Theft of Mail, it is not possible on this record for the jury to have convicted Ms. Nguyen of the crime of Misappropriation of Postal Funds without also convicting her of Theft of Mail.  Assuming that the two crimes share the same basic elements: a postal worker who converts property obtained during in the course of his or her employment to his or her own use, the element that distinguishes Theft of Mail from Misappropriation of Postal Funds is whether the purloined property was "intended to be conveyed by mail" (as opposed to, say, money taken from a Post Office cash register or "cash on delivery" funds given to a mail carrier by the recipient upon delivery of a parcel).  The fact that the item was taken from the mail stream is an essential element of the latter, but is not required for proof of the former.

Here, there is no evidence in the record from which the jury could conclude that Ms. Nguyen did indeed unlawfully convert property (gift cards) that came into her hands by virtue of her employment as a postal worker without also concluding that the gift cards were "contained" within an article "intended to be conveyed by mail."  The evidence is unrebutted that Ms. Adams placed the gift cards within a letter that she mailed to the Kaszubowskis, thereby placing both the letter and the gift cards into the mail stream.  Nothing in the record indicates that, by becoming disassociated from the letter at some point during handling, the gift cards somehow lost their character as being an "article or thing contained [within a letter] intended to be conveyed by mail." To the contrary, the record reflected that Ms. Nguyen's duties as Nixie Clerk required her to retain the loose items recovered from the mail stream in a desk drawer for a period of time, and, if the items thereafter remained unclaimed, they were sent to the Postal Service's Mail Recovery Center in Atlanta, Georgia.  Thus, because the evidence was undisputed that the gift cards were at least initially items "intended to be conveyed by mail," and there was no evidence

to suggest that they somehow lost that character before coming into Ms. Nguyen's possession, the jury could not have convicted Ms. Nguyen of Misappropriation of Postal Funds for having taken the gift cards, and yet acquitted her of the crime of Theft of Mail on the grounds that the gift cards were not items "intended to be conveyed by mail."  As noted above, a lesser included offense instruction is only appropriate where the jury could acquit the defendant of the greater offense and yet still convict her of the lesser one.  Because that situation could not have occurred on the facts presented here, the Court did not err in refusing to grant Ms. Nguyen's request for a lesser included offense instruction.

## **CONCLUSION**

For the foregoing reasons, Ms. Nguyen's Motion for New Trial **(# 53)** is **DENIED**.

Dated this 5th day of May, 2013.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge